UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN BELL,<br><br>   Plaintiff,<br><br> v.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>   Defendant. | Case No. 1:21-cv-00786-HBK<br><br>ORDER GRANTING AWARD AND PAYMENT OF ATTORNEYS FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT[1]<br><br>(Doc. No. 22) |

  Pending before the Court is Plaintiff's motion for the award and payment of attorney fees filed on February 6, 2023. (Doc. No. 22). Plaintiff requests an award of attorney's fees and expenses to Plaintiff's attorney, Jonathan O. Peña, in the amount of $6,522.02 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (*Id.*).

  On November 8, 2022, this Court granted the parties' stipulated motion to remand and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings. (Doc. No. 20). Judgment was entered the same day. (Doc. No. 21). Plaintiff now requests an award of fees as the prevailing party. *See* 28 U.S.C. § 2412(a) & (d)(1)(A); Fed. R. Civ. P. 54(d)(1); *see* 28 U.S.C. § 1920; *cf. Shalala v. Schaefer*, 509 U.S.

---

[1] Both parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C. §636(c)(1). (Doc. No. 9).

292, 300-02 (1993) (concluding that a party who wins a sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing party). The Commissioner did not file any opposition to Plaintiff's motion, and the deadline for doing so has passed.

The EAJA provides for an award of attorney fees to private litigants who both prevail in civil actions (other than tort) against the United States and timely file a petition for fees. 28 U.S.C. § 2412(d)(1)(A). Under the Act, a court shall award attorney fees to the prevailing party unless it finds the government's position was "substantially justified or that special circumstances make such an award unjust." *Id*. Here, the government did not show its position was substantially justified and the Court finds there are not special circumstances that would make an award unjust.

Plaintiff requests an award of $6,522.02 in EAJA fees for 1.9 hours of attorney time in 2021 billed at a rate of $217.54, and 26 hours of attorney time in 2022 billed at a rate of $234.95. (Doc. No. 22-2). The Court finds an award of $6,522.02 in attorney's fees and expenses is appropriate. EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury Offset Program ("TOP"), as discussed in *Astrue v. Ratliff*, 532 U.S. 1192 (2010). If the Commissioner determines upon effectuation of this Order that Plaintiff's EAJA fees are not subject to any offset allowed under the TOP, the fees shall be delivered or otherwise transmitted to Plaintiff's counsel.

Accordingly, it is **ORDERED**:

1. Plaintiff's motion for attorney fees and expenses (Doc. No. 22) is **GRANTED**.

2. The Commissioner is directed to pay to Plaintiff as the prevailing party EAJA fees in the amount of $6,522.02 in attorney fees and expenses. Unless the Department of Treasury determines that Plaintiff owes a federal debt, the government shall make payment of the fees to Plaintiff's counsel, Jonathan O. Peña, in accordance with Plaintiff's assignment of fees and subject to the terms of the stipulated motion.

Dated:   March 6, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE